Opinion issued March 5, 2009

 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00956-CR

NO. 01-07-00957-CR







GERARDO GONZALES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 1108256, 1108257











MEMORANDUM OPINION


 A jury convicted appellant, Gerardo Gonzales, of two counts (1) of first-degree
felony offenses for aggravated sexual assault of a child. (2) Appellant had a prior
conviction for delivery of marijuana in 1996. The jury, having found the
enhancement paragraph in the indictment true, assessed two sentences of 50 years
imprisonment to run concurrently. In his sole point of error, appellant argues that the
trial court erred when it allowed the State's witness, Sheila Powers, a licensed clinical
social worker, to offer opinion testimony as to whether the complainant's allegations
were based on memories created during therapy and whether the complainant's
allegations were truthful.

 We affirm. Background

 Appellant is the estranged father of the complainant, L.G. The complainant did
not know appellant until she was 11 years old when she first spoke to him over the
telephone. At the time of their first interaction, the complainant lived with her mother
and stepfather. Over the next two years, appellant and the complainant regularly
talked over the telephone. When the complainant was 13 years old, she and appellant
had their first face-to-face encounter. After this encounter, appellant and the
complainant visited each other every weekend. Appellant asked the complainant if
she would like to spend an entire summer with him. After receiving her mother's
encouragement, the complainant agreed to spend the summer with appellant. 

 In June 2005, appellant met the complainant at her grandmother's home in
Brownsville, Texas. Appellant then took the complainant to Iowa to meet his family.
After staying in Iowa for a few weeks, appellant and the complainant returned to
Houston in August 2005. While in Houston, appellant and the complainant stayed
with the complainant's aunt for two weeks. Appellant and the complainant shared a
twin bed while staying with the complainant's aunt. 

 During their stay together in Houston, appellant began to exhibit signs of
jealousy when "a guy was looking at [the complainant], like if he was a teenager,
[appellant] would start getting mad." During one evening when appellant and the
complainant were alone in her aunt's house, appellant offered the complainant an
alcoholic beverage. When the complainant accepted the beverage, both she and
appellant drank together. The complainant became sleepy and went to bed. She
awoke to find appellant touching her breasts over her clothes. Appellant also touched
the complainant's vagina over her clothes. Appellant removed the complainant's
clothes. The complainant screamed until appellant told her to be quiet and threatened
to "tie [her] up" if she continued to scream. Appellant, now naked, mounted himself
on top of the complainant, held down her wrists, and inserted his penis inside her
vagina twice. The complainant screamed again, but stopped screaming when she
heard her aunt return. Appellant told the complainant "to pretend to be asleep and to
put her clothes back on." She dressed herself but could not return to sleep. 

 On the second night, the complainant's aunt was away from the apartment and
appellant and the complainant were alone. When the complainant went to bed,
appellant touched her breasts and vagina beneath her clothes. Appellant removed the
complainant's clothes and inserted his penis inside her vagina. Appellant also forced
the complainant's hands onto his penis. Because the complainant was scared, she did
not scream or resist appellant's advances. 

 On the third night, the complainant's aunt was away from the apartment, and
appellant and the complainant were alone. Appellant removed his shirt and lay down
next to the complainant in the twin bed. He made the complainant place his penis in
her mouth. He also punched the complainant and left bruises on the complainant's
breasts, arms, and right leg. 

 Two days later, appellant drove the complainant back to her home in San
Benito, Texas. The day after the complainant returned home, her mother took the
complainant and her siblings to Oklahoma. While they were in Oklahoma, the
complainant's mother saw the bruises and asked the complainant about them. The
complainant lied about their origin, saying that she "had gotten them playing with
[her] little cousins." The complainant's mother noticed bruises resembling "hickies"
on the complainant's chest and asked about the bruises. The complainant told her
mother about the three incidents with appellant. Sometime thereafter, the
complainant's mother took her to the San Benito police station to report her assaults. 

 After reporting the assaults, the complainant was interviewed and
photographed at Valley Baptist Medical Center. The complainant also had a sexual
assault examination from Janie Cantu-Cabrera, a nurse practitioner at Estrella's
House, a clearinghouse for investigations involving child sexual assault victims. 
Cabrera found scarring in the complainant's vagina consistent "with or unwanted
sexual intercourse" and possibly caused by a penis or other foreign object. 

 At trial, the State presented Sheila Powers, a licensed clinical social worker and
therapist who began seeing the complainant a few weeks after the reported abuse. 
Powers testified that over the course of two years of treatment, the complainant's
symptoms were consistent with Power's research of other sexual abuse victims and
that her stories about the events were consistent. On cross-examination, appellant
asked Powers whether the complainant was suffering from "schizophrenia" and was
"hallucinating about these allegations." Appellant also questioned Powers about
research regarding false allegations of abuse and whether she could tell if a patient
was lying. 

 On re-direct examination, the State asked Powers if the complainant was
creating the memory of sexual abuse in talking to her. Appellant objected on the
grounds that the State's question called for speculation. The objection was overruled
and Powers responded that "[b]ased on [her] experience [the complainant] was telling
a story--not telling a story. She was telling the truth, things that happened to her." 
Appellant made no other objections. 

 On direct examination, appellant testified that he did not commit the alleged
acts of abuse, and he claimed that the complainant's testimony was untruthful. The
complainant's aunt also testified that there were never any nights that appellant and
the complainant were in her apartment alone. She also testified that she never
witnessed or was aware of any inappropriate contact or behavior between the two. 

 Appellant presented testimony from Stacey Mitchell, a Harris County Medical
Examiner's Office Deputy Chief Forensic Nurse Investigator acting as a private
consultant regarding the complainant's medical records. Mitchell testified that there
was nothing conclusive in the medical records to indicate sexual assault and that the
scarring on the complainant's vagina could have been caused by blunt force trauma. 
At the end of the guilt-innocence phase of the trial, the jury found appellant guilty of
two counts of aggravated sexual assault of a child.

Improper Opinion Testimony

 In his sole point of error, appellant argues that the trial court erred when it
allowed Powers to offer opinion testimony as to whether the complainant's
allegations were based on memories created during therapy and whether the
complainant's allegations were truthful. However, the State argues that appellant
waived this issue for review by failing to properly object to the admission of Power's
testimony.

 Preservation of Error

 To preserve error, an objection to the admission of evidence must state the
specific ground for the objection if the specific ground is not apparent from the
context. Tex. R. App. P. 33.1; Hernandez v. State, 53 S.W.3d 742, 745-46 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd) (citing Bird v. State, 692 S.W.2d 65, 70
(Tex. Crim. App. 1985)). If an objection made in the trial court differs from the
complaint made on appeal, a defendant has not preserved any error for review. 
Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).

 Here, appellant made the following objections during the State's re-direct
examination of Powers:

 [State]: In your experience with [the complainant], was she
gaining anything personally by telling her story?


 [Appellant]: I object, your Honor. It calls for speculation.


 [Court]: Sustained.


 [State]: If you know, was she gaining anything personally by
telling you her story?


 [Appellant]: Same objection, your Honor. Calls for speculation.


 [Court]: Overruled if she knows. Don't guess.


 [Powers]: I don't know.


 [State]: If you know, was she diverting anger of a parent by
telling you her story?


 [Powers]: No.

 [State]: If you know, was she gaining sympathy by telling
you her story?


 [Powers]: No.


 [State]: If you know, did she have an ulterior motive for
telling you her story?


 [Appellant]: Object, your Honor. Calls for speculation. 


 [Court]: Overruled.


 [Powers]: No. To my knowledge she did not have an ulterior
motive for telling the story.


 [State]: If you know and only if you know, was she creating these
memories in talking to you about the memories that she had
created?

 

 [Appellant]: I would object, your Honor. That calls for
speculation the way that--


 [Court]: Only answer that question if you know based on
your training and your experience. Don't guess. 
Overruled.

 

 [Powers]: Based on my experience [the complainant] was
telling a story--not telling a story. She was telling
the truth, things that happened to her. 

 

 [State]: Pass the witness, your Honor.


 [Court]: Okay. [Appellant]?


 [Appellant]: Nothing further, your Honor. 


 In his brief to this Court, appellant cites this testimony as the basis of his
appeal on the ground that the trial court erred in admitting Powers' testimony because
her opinion testimony about the credibility of the complainant was inadmissible. 
However, appellant did not challenge the admissibility of Powers' expert opinion
about the complainant's truthfulness at trial. Instead, he specifically objected as to
whether Powers' testimony was "speculative." Based on the record, it is not apparent
from appellant's direct objection or from the context that appellant was complaining
that the witness improperly testified about the complainant's credibility. See Tex. R.
App. P. 33.1. Because his objection at trial court differs from his complaint on
appeal, appellant has failed to preserve error. Thomas, 723 S.W.2d at 700. We
overrule appellant's sole point of error. 








Conclusion

 We affirm the judgment of the trial court. 





 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.4.
1. Trial Cause No. 1108257, Appellate Cause No. 01-07-00956-CR; Trial Cause No.
1108256, Appellate Cause No. 01-07-00957-CR.
2. See Tex. Penal Code Ann. § 22.021(a)(1)(B) (Vernon 2003).